UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chana Braun, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br><br><br><br> -v.- <br> Portfolio Recovery Associates, LLC, <br> Forster & Garbus LLP, <br><br> Defendant(s). | Civil Action No: 7:21-cv-3891 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Chana Braun (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendants Portfolio Recovery Associates, LLC and Forster & Garbus LLP (hereinafter "Defendant Portfolio" and "Defendant Forster" respectively), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.     Defendant Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Blvd, Norfolk, Virginia 23502.

9.     Upon information and belief, Defendant Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Forster is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 60 Motor Pkwy, Commack, NY 11725.

11.     Upon information and belief, Defendant Forster is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

<u>**CLASS ALLEGATIONS**</u>

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   to whom Defendant Forster sent a collection letter attempting to collect a consumer debt;

    c.   for which the debt had already been awarded a judgement;

    d.   without including a disclosure that interest, fees and costs are continuously accruing, or in the alternative, that the owner of the debt decided to waive accruing interest and fees;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3

14.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

       a.     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

5

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to May 20, 2020, an obligation was allegedly incurred to Citibank, N.A.

23.     The Citibank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, specifically a personal credit card.

24.     The alleged Citibank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Citibank, N.A.is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Citibank, N.A. transferred the defaulted debt to Defendant Portfolio to collect the alleged debt.

27.     Defendant Portfolio contracted with Defendant Forster to collect the alleged debt. Therefore, Defendant Forster is the agent of Defendant Portfolio.

28.     Defendants Portfolio and Forster collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – May 20, 2020 Collection Letter*

29.     On or about May 20, 2020 Defendant Forster sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Citibank, N.A. (See Exhibit A.)

30.     The letter states a balance due of $28,411.82.

31.     This balance arose from a judgment obtained in the Supreme Court of the State of New York, entered on June 13, 2014 and filed on August 1, 2014 for a total of $24,557.78.

32.     In New York State, post-judgement interest accrues on judgments from the date of the entry of judgment. (Post Judgment Rate: 9%, unless otherwise prescribed by statute. N.Y. C.P.L.R. § 5004. Accrual Date: Date of entry of judgment. N.Y. C.P.L.R. § 5003.)

33.     Therefore, as interest began accruing on June 13, 2014 causing the balance of the Citibank debt to increase accordingly, Defendant Forster should have noted the increasing balance in the May 20, 2020 letter.

34.     Yet, Defendant Forster's Letter makes no mention of accrual of interest, nor does it explain why interest would not be accruing due to waiver or any other reason, when the Plaintiff can see the balance has increased since the entry of the judgment.

35.     Defendant Forster is required to include a disclosure that either (1) interest is accruing, or (2) the owner of the debt decided to waive the accruing interest.

36.     Defendant Forster's May 20, 2020 Collection Letter fails to conclusively state that interest, fees and costs are continuously accruing, or in the alternative, that the owner of the debt decided to waive the accruing interest.

37.    Since statutory interest is automatically accruing, a consumer who pays the "Balance Due" will be unaware as to whether or not the debt has been paid in full, and would in fact legally owe more money.

38.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.    Defendant violated §1692e :

    a.  As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

    b.  The Letter provides a false representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    c.  By making a false and misleading representation in violation of §1692e(10).

43.    By reason thereof, Defendant Portfolio and Defendant Forster are both liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chana Braun, individually and on behalf of all others similarly situated, demands judgment from Portfolio Recovery Associates, LLC and Forster & Garbus LLP as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 5, 2021                    Respectfully Submitted,

*/s/Tamir Saland*
Tamir Saland, Esq.
**Stein Saks, PLLC**
*Attorneys for Plaintiff*
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 122
(E) tsaland@steinsakslegal.com
*Attorneys For Plaintiff*

9